The document below is hereby signed.

Signed: July 20, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RHONDA MICHELLE MADDOX, | ) | Case No. 16-00344 |
| | ) | |
| Debtor. | ) | (Chapter 13) |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION TO REQUEST A HEARING TO REOPEN CASE AND TO
STOP JULY 20, 2017 HOME FORECLOSURE SALE UNTIL MOTION IS DECIDED

This case has been dismissed on the debtor's own motion. There was no error in the court's dismissing the case. Pursuant to 11 U.S.C. § 109(g)(2), because a motion for relief from the automatic stay had been filed in the case, the court was required to make the dismissal one with prejudice for 180 days.

The debtor contends that the motion for relief from the automatic stay was granted based on erroneous information supplied by the creditor as to the amount ($723,780.92) owed to

the creditor, whereas a foreclosure notice indicates that only $598,536.73 is currently owed. However, although the creditor's motion only sought relief from the automatic stay with respect to one deed of trust, the creditor held another deed of trust against the property securing a different loan. The motion for relief from the automatic stay recited that $581,575.60 was owed to the creditor on the deed of trust at issue, which is fairly close to the $598,536.73 amount that the creditor asserts is currently owed. According to the creditor's proof of claim for the second lien, the debtor owed $138,962.19 as of the petition date. That would explain why the creditor would have asserted at the hearing on the motion for relief from the automatic stay that there was no equity in the house based on the property being encumbered by the amount $723,780.92 (the combined amount of the two deeds of trust). In any event, § 109(g)(2) does not turn on whether the motion for relief from the automatic stay had merit.

    Once a debtor has voluntarily dismissed her case, it would at the very least be extraordinary to undo the dismissal. Without reaching the issue of whether such relief could ever be granted, it suffices to deny the motion on the basis that the debtor has mischaracterized the amount that the creditor asserted in its motion for relief from the automatic stay was owed on the deed of trust at issue.

    It is thus

ORDERED that the *Debtor's Motion to Request a Hearing to Reopen Case and to Stop July 20, 2017 Home Foreclosure Sale until Motion Is Decided* is DENIED.  It is further

ORDERED that the request to waive the fee for filing the motion to reopen is GRANTED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.